UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DESIGN FURNISHINGS, INC., a
California corporation,

        Plaintiff,

   v.

ZEN PATH LLC, a Nevada limited
liability company and DOES 1
through 20, inclusive,

        Defendant.
                            /

NO. CIV. 2:10-02765 WBS GGH

MEMORANDUM AND TEMPORARY
RESTRAINING ORDER

----oo0oo----

        Plaintiff Design Furnishings, Inc. filed this action in state court against defendant Zen Path LLC alleging federal and state law claims arising from defendant's notices to eBay that plaintiff's auctions for wicker patio furniture infringe on defendant's pending copyright applications for the furniture designs and photographs of the furniture.  Defendant has removed the action to this court, and plaintiff now requests to continue the state court's temporary restraining order ("TRO") based on the filings in state court.  This court heard oral arguments on

the request from counsel for both sides on October 18, 2010. The state court's TRO expires on October 22, 2010, when a state court hearing for a preliminary injunction was to be held.

I.  Factual and Procedural Background

Both plaintiff and defendant sell wicker patio furniture from the same Chinese manufacturer on eBay. (Hayes Decl. ¶ 2 (Docket No. 1 Ex. 8).) In or about June of 2010, defendant contacted plaintiff, indicating that plaintiff's sale of the furniture violated copyright or patent law and plaintiff's pictures of the furniture violated copyright law. (Id. ¶ 3.) Jennifer Hayes, the owner and president of plaintiff, stopped using the pictures, but refused to stop selling the furniture unless presented with proof of defendant's intellectual property rights in the furniture. (Id. ¶¶ 4-5.) On August 27, 2010, defendant filed copyright applications for (1) a round sectional wicker furniture collection, (2) a U-shaped sectional wicker furniture collection, (3) a modern boxy sectional wicker furniture collection, and (4) a Capri sectional wicker furniture collection. (Banuelos Decl. ¶ 2 (Docket No. 1 Ex. 9).) The applications identified the works as "sculpture/3-D artwork, Ornamental Design" and attached pictures of the furniture.[1] (Id. Exs. A-E.)

On September 22, 2010, defendant notified eBay that plaintiff was selling furniture within the scope of the copyrights. (Messenger Decl. ¶ 3 (Docket No. 1 Ex. 10).) Even if a seller does not intend to cause eBay to temporarily or

---

[1] There are many black-and-white photocopies of the pictures, some more viewable than others.

2

permanently suspend another seller's account, eBay temporarily and permanently suspends a seller's account based on notices of claimed infringement.  (Hayes Decl. ¶ 9.)

Pursuant to eBay's policies, plaintiff has had approximately thirty-five auctions terminated and been prevented from listing new items, even non-furniture items.[2]  (Id. ¶ 13.) Plaintiff alleges that defendant is still submitting notices to eBay, sixty-three as of the motion for a TRO in state court, and has caused plaintiff's policy violation rating with eBay to go from "high" to "very low" on one account and "high" to "low" on a second account.  (Id. ¶ 14.)  The owner and president of plaintiff states:

> If Defendant is not stopped from submitting repeated notices of claimed infringement when there is absolutely no basis to claim that DFI's auctions are infringing on Defendant's intellectual property rights, then eBay could very well permanently suspend DFI's accounts.  If that occurs, then my entire business will cease to exist since I rely on eBay for 95% of the company's revenues.  I will be out of work and I will be forced to lay off DFI's employees.

(Id. ¶ 15.)

In its Complaint originally filed in state court, plaintiff asserts claims for (1) misrepresentation of intellectual property infringement in violation of 17 U.S.C. § 512(f) of the Digital Millennium Copyright Act ("DMCA"), (2) tortious interference with a contract, (3) tortious interference with prospective economic advantage, (4) a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and (5) declaratory and injunctive relief.  (Docket

---

[2]  It is not clear whether plaintiff is still unable to list new items.

3

No. 1 Ex. 1.)  On October 1, 2010, the state court granted a motion for a TRO to enjoin defendant until October 22, 2010, from (1) submitting notices to eBay that plaintiff's auctions infringe on defendant's intellectual property rights and (2) defaming plaintiff.  (Docket No. 1 Ex. 15.)  The state court denied plaintiff's request to order defendant to notify eBay that plaintiff has not infringed on defendant's intellectual property rights.  (Id.)  Defendant removed the action to this court, and plaintiff now requests to continue the state court's TRO based on the filings in state court.

II.  Discussion

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[3]  Winter v. Natural Res. Defense Council, Inc., --- U.S. ----, 129 S. Ct. 365, 374 (2008).  In Winter, the Court reaffirmed the traditional standard for granting a preliminary injunction and rejected the Ninth Circuit's variations of the standard, such as requiring only a "possibility" of irreparable harm if the plaintiff shows a strong likelihood of prevailing on the merits.  Id. at 375.

    A.  Likelihood of Success on the Merits

The DMCA provides that "[a]ny person who knowingly materially misrepresents under this section . . . that material

---

[3] TROs are governed by the same standard applicable to preliminary injunctions.  See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc., 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

4

or activity is infringing . . . shall be liable for any damages . . . incurred by the alleged infringer . . . who is injured by such misrepresentation, as the result of the service provider . . . removing or disabling access to the material or activity claimed to be infringing . . . ." 17 U.S.C. § 512(f). Liability does not extend to when "an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake. Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner." Rossi v. Motion Picture Ass'n of Am. Inc., 391 F.3d 1000, 1005 (9th Cir. 2004) (internal citation omitted).

To establish copyright infringement, a plaintiff must show (1) ownership of the copyright, and (2) copying of the protected expression by the defendant. Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999). A valid certificate of copyright registration creates a presumption of originality of the work for five years from the date of registration. Swirksy v. Carey, 376 F.3d 841, 851 (9th Cir. 2004).[4] "[T]his presumption is fairly easy to rebut because the Copyright Office tends toward cursory issuance of registrations." Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc., Nos. 07-2180, 09-1437, 2010 WL 3278404, at *7 (4th Cir. Aug. 20, 2010) (hereinafter Universal II) (despite earlier upholding of a

---

[4] Here, defendant has applied for but not yet received valid registrations. In the Ninth Circuit, an applicant may bring an infringement claim before receiving a valid registration certificate. Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 621 (9th Cir. 2010).

5

denial of a preliminary injunction, finding copyright claim infringement). "[T]he presumption of validity may be rebutted where other evidence in the record casts doubt on the question," such as "evidence that the work had been copied from the public domain or by evidence that the work was a non-copyrightable utilitarian article." <u>Fonar Corp. v. Domenick</u>, 105 F.3d 99, 104 (2d Cir. 1997) (internal citations and quotation marks omitted).

The Copyright Act excludes from copyright protection any "useful article," defined as an article having "an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. The Act extends copyright protection to "pictorial, graphic, and sculptural works." <u>Id.</u> The Act provides that "the design of a useful article . . . shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." <u>Id.</u>

Thus, a "purely utilitarian article--such as bedroom furniture--receives no protection." <u>Amini Innovation Corp. v. Anthony Cal., Inc.</u>, 439 F.3d 1365, 1369 (Fed. Cir. 2006) (applying Ninth Circuit copyright law and upholding copyright protection of ornamental carvings on furniture, not the furniture as a whole). Nonetheless, "if the shape of a utilitarian article incorporates features, such as artistic sculpture, carving, or pictorial representation, which can be identified separately and are capable of existence independently as a work of art, such

6

features will be eligible for registration." Fabrica Inc. v. El Dorado Corp., 697 F.2d 890, 893 (9th Cir. 1983); see also Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., 74 F.3d 488, 493 (4th Cir. 1996) ("Thus, the industrial design of a unique, aesthetically pleasing chair cannot be separated from the chair's utilitarian function and, therefore, is not subject to copyright protection. But the design of a statue portraying a dancer, created merely for its expressive form, continues to be copyrightable even when it has been included as the base of a lamp which is utilitarian."); Universal II, 2010 WL 3278404, at *7 (despite earlier upholding of the denial of a preliminary injunction, finding the ornamental design on the furniture to be original and conceptually distinct from the utilitarian aspects of the furniture); Universal Furniture Int'l., Inc. v. Collezione Europa USA, Inc., 196 Fed. App'x 166, 172 (4th Cir. 2006) (hereinafter Universal I) (upholding the denial of a preliminary injunction and expressing concern that finding designs copyrightable would "potentially enlarge the law of copyright beyond its intended borders by extending copyright protection to two entire furniture collections based on their 'ornate, opulent' look alone").

      Here, defendant's applications for copyright protection claimed the works were sculptures or 3-D artwork or ornamental designs, indicating that defendant knew the limits of copyright protection. The pictures of the furniture, though, suggest that defendant impermissibly sought protection of the "industrial design" of the furniture. Moreover, the internal contradiction in the applications raises a strong inference that defendant

7

1  subjectively knew it did not have a copyright infringement claim
2  when it notified eBay.  Accordingly, the court finds that
3  plaintiff has a likelihood of success on the merits.

      B.    <u>Likelihood of Irreparable Harm</u>

Mere monetary harm "will not usually support injunctive relief."  <u>Am. Trucking Ass'ns v. City of L.A.</u>, 559 F.3d 1046, 1057 (9th Cir. 2009); <u>see also</u> <u>Cal. Pharmacists Ass'n v. Maxwell-Jolly</u>, 563 F.3d 847, 851-52 (9th Cir. 2009) ("Typically, monetary harm does not constitute irreparable harm. . . . [E]conomic damages are not traditionally considered irreparable *because the injury can later be remedied by a damage award*.") (internal citations omitted).  However, intangible injuries that are incapable of measurement, like reputation, advertising efforts, or goodwill, may constitute irreparable harm. <u>Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.</u>, 944 F.2d 597, 603 (9th Cir. 1991).  The threatened loss of prospective customers also constitutes irreparable harm. <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 841 (9th Cir. 2001) (trademark case); <u>Super-Krete Int'l, Inc. v. Sadleir</u>, No. CV 10-01966, 2010 WL 1688533, at *8 (C.D. Cal. Apr. 22, 2010) ("Even without this presumption [of irreparable harm in a trademark case], Plaintiff has demonstrated irreparable injury based on the threatened loss of prospective customers who would be diverted away from its website should it be unable to gain control over the domain name.").  The harm must be "likely" and thus "merely speculative" harm will not support injunctive relief.  <u>Am. Trucking Ass'ns</u>, 559 F.3d at 1058.

Here, defendant's repeated notices to eBay that

8

plaintiff has infringed on defendant's intellectual property rights have driven plaintiff's policy violation ratings down on its two accounts. While the court cannot determine with certainty, additional notices from defendant will likely result in eBay's suspension of plaintiff's accounts. A suspension of plaintiff's accounts would cause plaintiff to lose prospective customers and any goodwill it has acquired with existing customers. A suspension of its accounts may also reflect adversely on its reputation. Thus, plaintiff will suffer intangible injuries that are incapable of measurement. Accordingly, the court finds a likelihood of irreparable harm to plaintiff.

    C.    <u>Balance of Equities</u>

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter</u>, 129 S. Ct. at 376. "In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." <u>Amoco Prod. Co. v. Vill. of Gambell, Alaska</u>, 480 U.S. 531, 542 (1987).

Plaintiff has indicated that eBay auctions account for ninety-five percent of its sales. The likely suspension by eBay will likely cause plaintiff to lose prospective customers, goodwill, and its reputation. Defendant claims that the furniture at issue constitutes seventy-five percent of defendant's sales and that plaintiff's eBay auctions have "substantially reduced" those sales. (Messenger Decl. ¶ 7.) The court, nonetheless, finds the balance of equities weighs in plaintiff's favor because of the irreparable harms that would

result from the likely suspension of plaintiff's eBay accounts.

   D.   Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). "The public interest analysis for the issuance of a preliminary injunction requires [the court] to consider 'whether there exists some critical public interest that would be injured by the grant of preliminary relief.'" Indep. Living Ctr. of So. Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 659 (9th Cir. 2009) (quoting Hybritech Inc. v. Abbott Lab., 849 F.2d 1446, 1458 (Fed. Cir. 1988)).

Here, the public interest is in fact benefitted by granting a TRO, because absent eBay's policies, designed to avoid eBay's liability for intellectual property infringement, it would be the claimed copyright holder who would bear the burden of proving the copyright infringement. See, e.g., Universal I, 196 Fed. App'x at 172. That burden is essentially shifted under eBay's policy. To withhold a TRO would allow anyone to effectively shut down a competitor's business on eBay simply by filing the notice that the seller's product allegedly infringes on the complaining party's copyright.

IT IS THEREFORE ORDERED that plaintiff's request to continue the state court's temporary restraining order be, and the same hereby is, GRANTED. Pending hearing on the motion for preliminary injunction, defendant is temporarily restrained and enjoined from submitting notices of claimed infringement to eBay stating that plaintiff's auctions of wicker patio furniture

10

1  violate defendant's intellectual property rights.
2              Plaintiff shall file a motion for preliminary
3  injunction on or before November 8, 2010.  Defendant shall file
4  its opposition by November 22, 2010, and plaintiff shall file its
5  reply by November 29, 2010.  The court will hear plaintiff's
6  motion for a preliminary injunction on December 6, 2010, at 2
7  p.m. in Courtroom 5.
8              IT IS SO ORDERED.
9  DATE:  October 20, 2010

                         WILLIAM B. SHUBB
                         UNITED STATES DISTRICT JUDGE